IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KYONG HUK KIM,

    Petitioner,

v.

MARION FEATHER,

    Respondent.

Civil No. 3:12-cv-01429-JO

OPINION AND ORDER

    KYONG HUK KIM
    Fed. Reg. No. 98027-022
    Federal Prison Camp
    P.O. Box 6000
    Sheridan, OR  97378

        Petitioner *Pro Se*

    S. AMANDA MARSHALL
    United States Attorney
    RONALD K. SILVER
    Assistant United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, OR  97204

        Attorneys for Respondent

JONES, Judge.

    Petitioner, an inmate at FPC Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 *pro se*, challenging the

1 - OPINION AND ORDER -

Bureau of Prisons' ("BOP") alleged failure to properly assess his eligibility for a transfer to a residential reentry center ("RRC") pursuant to 28 U.S.C. § 3624(c). For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (#1) and DISMISSES this action.

## BACKGROUND

### I. Factual Background

Petitioner was convicted in the District of Hawaii after pleading guilty to several counts involving distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The trial judge sentenced Petitioner to 54 months of imprisonment. Petitioner's current projected release date is June 17, 2013.

On December 12, 2011, Petitioner met with his "unit team" at FPC Sheridan to review his inmate skills development plan as part of a routine program review, which included addressing his RRC placement. The unit team determined a 151-180 day recommendation as appropriate for Petitioner.

On March 15, 2012, Petitioner filed a Request for Administrative Remedy with the Warden asking for additional RRC time. The Warden denied the request. The Warden noted the unit team's review was conducted in accordance with policy and

2 - OPINION AND ORDER -

applicable federal law, and that Petitioner had received a sufficient amount of time.

On April 6, 2012, Petitioner appealed the Warden's denial of his Request for Administrative Remedy to the Bureau of Prisons Regional Director. On August 20, 2012, the Regional Director denied the appeal. The Regional Director noted that Petitioner received the appropriate consideration, and the unit team's recommendation was appropriate. Petitioner appealed the Regional Director's denial to the BOP Central Officer. On October 10, 2012, the Central Officer denied the appeal.

On June 25, 2012, Petitioner again met with his unit team for a progress report. The prior recommendation of 151-180 days RRC placement was noted in the report.

## II. Statutory Background

Congress delegated inmate placement authority to the BOP in two statutes: 18 U.S.C. §§ 3621(b) and 3624(c). Under § 3621(b), the BOP is delegated broad discretionary authority to determine the proper placement of an inmate at the start of the inmate's prison terms. *Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008). Placement designations require consideration of five factors set forth in 3621(b):

    (1) resources of the facility contemplated;

    (2) the nature and circumstances of the offense;

    (3) the history and characteristics of the prisoner;

3 - OPINION AND ORDER -

>    (4)  any statement by the court that imposed the sentence-
>
>> (A)  concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B)  recommending a type of penal or correctional facility as appropriate; and
>
>    (5)  any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Under 18 U.S.C. § 3624(c), the BOP is required to evaluate an inmate for RRC placement near the end of the sentence to prepare the inmate for reentry into the community. *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010), *cert. denied*, 132 S. Ct. 152 (2011). In 2008, § 3624(c) was amended by the Second Chance Act, Pub. Law 110-119, § 231, 122 Stat. 657 (April 9, 2008) to provide inmates with up to twelve months in a community correctional facility such as an RRC. Previously, it could not exceed six months. Section 3621(b) governs the BOP's placement authority when an inmate with more than a year left to serve on his sentence requests transfer to a RRC. *Sacora*, 628 F.3d at 1062.

Under 18 U.S.C. § 3625, entitled Inapplicability of the Administrative Procedure Act ("APA"), Congress specified that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order" under 18 U.S.C. §§ 3621-3625. 18 U.S.C. §

4 - OPINION AND ORDER -

3625; *see also Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

## DISCUSSION

On August 7, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Petitioner alleges he is entitled to a longer RRC placement because he has no release residence.[1] Respondent argues the Petition should be denied because this court lacks jurisdiction to review BOP officials' individual determinations on transferring an inmate to RRC and because, in any event, Petitioner received the individualized determination as required by law. Although he was given the opportunity to do so, Petitioner did not file a reply brief addressing Respondent's arguments.

To the extent Petitioner is challenging the denial of a longer RRC placement as arbitrary and capricious under § 706(2)(A) of the APA, this court lacks jurisdiction. The BOP's substantive, discretionary RRC decisions are not reviewable in this court pursuant to § 706(2)(A) of the APA. *Ingram v. Thomas*, 2011 WL 1791234, *4 (D. Or., May 10, 2011); *see also Geiger v. Adler*, 2011 WL 5417093, *6 (E.D. Cal., Nov. 8, 2011) (collecting district

---

[1] Petitioner also alleges his due process rights were violated because the Central Office failed to respond to his request for administrative review. As noted, however, the response was issued, albeit after Petitioner filed this action.

5 - OPINION AND ORDER -

court cases in the Ninth Circuit holding habeas review of RRC placement decisions is precluded).

Second, to the extent the Petition may be construed to allege that Petitioner did not receive the individualized consideration as required under § 3624(c), it lacks merit. Petitioner's unit team conducted a "program review" on December 2, 2011, which included evaluating Petitioner and determining the appropriateness of RRC placement and the length of any such placement. Petitioner presents no evidence that the unit team failed to apply the five factors to determine it was appropriate to recommend RRC placement of 151-180 days for Petitioner.

Finally, Petitioner failed to demonstrate he is entitled to habeas corpus relief under § 2241. To establish a claim for relief under § 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws" of the United States. 28 U.S.C. § 2241(c)(3). Petitioner has no constitutional right to be placed in a particular institution or to be placed in an RRC at the end of his sentence. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991).

6 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus (#1) is DENIED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 30th day of January, 2013.

                                          Robert E. Jones
                                          United States District Judge